UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
SHAQUANNA ROBERTS,

                      :       15 Civ. 6216 (CM)(AJP)

      Plaintiff,

      -against-                      **REPORT & RECOMMENDATION**

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

        Pro Se plaintiff Roberts filed her complaint on August 6, 2015, seeking review of the Commissioner of Social Security's denial of benefits. (Dkt. No. 2: Compl.)  The complaint alleges that Roberts has learning problems and schizoaffective bipolar disorder.  (Compl. ¶ 4 & p. 7: Dr. Vando letter.)  Attached to Roberts' complaint is the May 21, 2015 Appeals Council letter denying her claim.  (Compl. at pp. 4-6: 5/21/15 Appeals Council letter.)  The Appeals Council letter clearly stated that: "You have 60 days to file a civil action (ask for court review)."  (Compl. at p. 5.)  On the last page of her complaint, Roberts wrote that she "was told to count [business] days." (Compl. at p. 3.)

        Presently before the Court is the Commissioner's Motion to Dismiss or in the Alternative for Summary Judgment. (Dkt. No. 13: Notice of Mot.)  For the reasons stated below, Roberts' filing is untimely, and the Court should dismiss her case.

## ANALYSIS

The Social Security Act provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action <u>commenced within sixty days</u> after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); <u>see also</u> 42 U.S.C. § 1383(c)(3). While this time-limit is not jurisdictional, it does constitute a period of limitations. E.g., <u>Bowen</u> v. <u>City of N.Y.</u>, 476 U.S. 467, 478, 106 S. Ct. 2022, 2029 (1986); <u>Liranzo</u> v. <u>Comm'r of Soc. Sec.</u>, 411 F. App'x 390, 391 (2d Cir. 2011); <u>Velez</u> v. <u>Apfel</u>, No. 99-6314, 229 F.3d 1136 (table), 2000 WL 1506193 at *2 (2d Cir. Oct. 6, 2000); <u>State of N.Y.</u> v. <u>Sullivan</u>, 906 F.2d 910, 917 (2d Cir. 1990); <u>Bartow</u> v. <u>Comm'r of Soc. Sec.</u>, 04 Civ. 3200, 2004 WL 1057783 at *1 (S.D.N.Y. May 12, 2004)(Peck, M.J.); <u>Schoon</u> v. <u>Massanari</u>, 01 Civ. 2656, 2001 WL 1641241 at *2 (S.D.N.Y. Dec. 21, 2001). Dismissal of such actions brought after the sixty day period thus is appropriate. <u>See, e.g.</u>, <u>Liranzo</u> v. <u>Comm'r of Soc. Sec.</u>, 411 F. App'x at 391-92; <u>Posilovich</u> v. <u>Apfel</u>, No. 99-6338, 225 F.3d 646 (table), 2000 WL 964764 at *1 (2d Cir. July 12, 2000) ("The district court properly dismissed the plaintiff's complaint [against the Commissioner of Social Security] because it was not filed within the time period required by law."); <u>Kesoglides</u> v. <u>Comm'r of Soc. Sec.</u>, 13 Civ. 4724, 2015 WL 1439862 at *1 (E.D.N.Y. Mar. 27, 2015); <u>Twumwaa</u> v. <u>Colvin</u>, 13 Civ. 5858, 2014 WL 1928381 at *3 (S.D.N.Y. May 14, 2014)(citing cases); <u>Courtney</u> v. <u>Colvin</u>, 13 Civ. 2884, 2014 WL 129051 at *2 (S.D.N.Y. Jan. 14, 2014); <u>Pressley</u> v. <u>Astrue</u>, 12 Civ. 8461, 2013 WL 3974094 at *2-3, *5 (S.D.N.Y. Aug. 2, 2013); <u>Davila</u> v. <u>Barnhart</u>, 225 F. Supp. 2d 337, 338, 340 (S.D.N.Y. 2002); <u>Schoon</u> v. <u>Massanari</u>,

2001 WL 1641241 at *2; Guinyard v. Apfel, 99 Civ. 4242, 2000 WL 297165 at *2 (S.D.N.Y. Mar. 22, 2000) ("[C]ourts have not hesitated to enforce the 60-day period as a firm limit.").

In response to the Commissioner's motion, Roberts stated that:

> I needed time to get a new doctor and I read paper wrong[.]  I ask[ed] someone to help an[d] they told me to [count] business days.

(Dkt. No. 19: Roberts letter at 1.)  It appears from her submission that the person who told her to count business days was her sister.  (Id. at 2: "my sis read the paper.")  Roberts also attached an updated letter from clinician Miguel Aviles of Dr. Vando's office, stating that "Due to Ms. Roberts' mental instability and difficulty comprehending she was unable to meet the deadline to request an extension for the court review."  (Dkt. No. 19 at p. 3: Aviles 12/10/15 letter.)

"If a claimant alleges that incapacity due to mental impairment during the 60-day limitations period impeded her ability to seek judicial review in a timely manner, the district court should afford the claimant the opportunity to present evidence buttressing this claim." Guinyard v. Apfel, 2000 WL 297165 at *4 (citing Canales v. Sullivan, 936 F.3d 755, 759 (2d Cir. 1991)). "However, a 'conclusory and vague claim, without a particularized description . . . is manifestly insufficient to justify any further inquiry into tolling.'" Guinyard v. Apfel,  2000 WL 297165 at *4 (quoting Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000)).

The excuses Roberts offered for filing late – that she thought the 60 day deadline meant business days and that she has mental problems (see above) – do not constitute one of the "rare cases" that warrant equitable tolling.  See, e.g., DeJesus v. Comm'r of Soc. Sec., 13 Civ. 7913, 2015 WL 3555787 at *4 (S.D.N.Y. June 8, 2015) ("Plaintiff alleges in her complaint that she suffers from an abscess in her brain and depression.  Plaintiff has attached a number of medical records to her complaint, and although one of the records mentions anxiety, none refer to a brain abscess or

depression. These vague references in the complaint are simply insufficient to establish that plaintiff suffered from any condition that was so disabling that it could form the basis for an equitable toll."); Chalasani v. Fran, 13 Civ. 06535, 2015 WL 2129773 at *8 (S.D.N.Y. Feb. 13, 2015) ("Although Chalsani claims she was unable to read or understand court documents, she was nonetheless able to file an EEOC complaint and three federal court complaints, move for reconsideration and appeal that denial to the Court of Appeals, and send multiple letters to this Court, including objections to my previous Report and Recommendation to dismiss her claims. While such activity does not rise to the level of 'reasonable diligence,' it is too much to suggest that she was completely unable to act on her own behalf."), R. & R. adopted, 2015 WL 2137707 (S.D.N.Y. May 6, 2015); Guinyard v. Apfel, 2000 WL 297165 at *2; Sykes v. Apfel, 97 Civ. 7696, 1998 WL 338104 at *4 (S.D.N.Y. June 24, 1998) ("According this pro se plaintiff's complaint the close and careful reading to which it is entitled, the plaintiff has failed to identify any circumstance that would justify equitable tolling of the statute of limitations in this case.  Therefore the complaint must be dismissed because it is time barred under the 60-day statute of limitations in Section 405(g)."). Roberts was able to timely seek a hearing before the ALJ, and to timely file a request for Appeals Counsel review. (See Dkt. No. 14: Nicoll Aff. ¶ 3 (a)-(b) & exs. 1-4.)  See, e.g., Borrero v. Colvin, No. 14 Civ. 5304, 2015 WL 1262276 at *6 (S.D.N.Y. Mar. 19, 2015) (claimant's "compliance with the statute of limitations at earlier stages of the appeals process–namely his request to the Appeals Council–'indicates that he was accustomed to operating under time constraints and capable of doing so, even when acting pro se.'"), appeal dismissed, No. 15-1096 (May 22, 2015).  The vague assertion in the letter from Roberts' doctor that Roberts' manic mood "leads to distraction and poor judgments" (Aviles 12/10/15

letter), is insufficient to establish that Roberts' condition was so disabling as to warrant an equitable toll. As the Court stated in Twumwaa v. Colvin:

> The Second Circuit has made clear that illness cannot serve as a basis to toll the statue of limitations, observing that to "[a]llow disability claimants who have been denied benefits to toll the sixty-day period on grounds of poor health would thoroughly undermine [the Social Security Act's] sixty-day limitation period." Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988). See also Courtney, 2014 WL 129051 at *2 (illness insufficient basis for equitable tolling); Bender v. Astrue, No. 09 Civ. 5738 (KAM), 2010 WL 3394264, at *4 (E.D.N.Y. Aug. 23, 2010) (alleged medical ailments did not constitute extraordinary circumstances justifying equitable tolling). The record before the Court does not support equitable tolling on this basis.

Twumwaa v. Colvin, 2014 WL 1928381 at *4. Rather, it appears the real reason Roberts missed the deadline was her sister telling her that she had sixty business days to file. (See page 3 above.) There is no basis for equitable tolling.

## CONCLUSION

For the reasons set forth above, Roberts' claim should be dismissed as time barred. (This does not preclude Roberts from filing a new claim for SSI or DIB benefits for the period after the ALJ's decision.)

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 1640, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge McMahon (with a courtesy copy to my chambers). Failure to file objections will result in a waiver

6

of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

SO ORDERED.

Dated:    New York, New York
          January 26, 2016

_____
**Andrew J. Peck**
United States Magistrate Judge

Copies to:   Roberts (reg. & cert. mail)
             Counsel (ECF)
             Judge McMahon